PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LAVERNE LYNCH, | ) | |
| | ) | CASE NO. 1:20CV1728 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff LaVerne Lynch's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision.[2] On September 20, 2021, the

---

[1] Andrew M. Saul was the original Defendant. He was sued in an official capacity as a public officer. On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Kijakazi's name has been automatically substituted as a party.

[2] The Court referred the case to Magistrate Judge James R. Knepp II for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). In November 2020, the case was reassigned from Judge Knepp in his role as a magistrate judge to Magistrate Judge William H. Baughman, Jr. pursuant to General Order 2020-26. On May 21, 2021, the case was reassigned from Magistrate Judge Baughman to Magistrate Judge Darrell A. Clay pursuant to General Order 2021-06.

(1:20CV1728)

magistrate judge submitted a Report (ECF No. 19) recommending that the Court reverse the Commissioner's decision and remand the case.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service.  Objections to the magistrate judge's Report were, therefore, due on October 4, 2021.  Neither party has filed objections, evidencing satisfaction with the magistrate judge's recommendations.  Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Report and Recommendation of the magistrate judge is hereby adopted. The decision of the Commissioner of Social Security is reversed and the case is remanded to the Commissioner for further proceedings and a new decision under sentence four of 42 U.S.C. § 405(g)[3].  On remand, the Appeals Council shall remand this case to an ALJ.  After conducting a careful and thorough review of the record, including (1) any new and material evidence pertinent to Plaintiff's claims, (2) analyzing Plaintiff's symptoms in accordance with Social Security Ruling 16-3p, 2017 WL 5180304 (Oct. 25, 2017), and the regulations, (3) if necessary, receiving medical expert testimony to determine how Plaintiff's various physical impairments affect her

---

[3] Sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states: The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

(1:20CV1728)

level of functioning, and (4) conducting any record development the ALJ deems appropriate, the ALJ shall issue a new decision.

    IT IS SO ORDERED.

| | |
|---|---|
|   October 5, 2021   <br> Date |   /s/ *Benita Y. Pearson*   <br> Benita Y. Pearson <br> United States District Judge |